(No. 3987—

ALBERT E. COOLIDGE, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed April 24, 1947.*

L. RICHARD WHITNEY, for claimant.

George F. Barrett, Attorney General, for respondent.

Damron, J.

This is a claim under the Workmen's Compensation Act for an injury to the above named claimant which occurred on the 25th day of September 1945.

The record consists of the complaint, report of the Division of Highways, respondent's waiver of brief, statement, and argument, report of the attending physician, stipulation that departmental report shall constitute the record, claimant's waiver of brief, statement, and argument, and the report of Commissioner East.

The departmental report shows that the claimant resides at Elmwood, Peoria County, Illinois, is married, 64 years of age and had no children under 16 years of age dependent upon him for support at the time this cause of action arose. He was first employed by the Division of Highways as a highway maintenance patrolman March 22, 1941 at a salary of $125.00 per month. Although his classification remained unchanged, his salary rate was increased on the following dates to the amounts indicated thereafter: December 1, 1941, $135.00; July 1, 1943, $150.00; July 1, 1944, $160.00. July 1, 1945 his classification was changed to that of highway section man and his salary was increased to $184.00 per month. He continued in the same classification and at the same salary rate until the date of his injury, making his salary

for the year next preceding the date of his injury amount therefore to the sum of $1,995.47.

On September 21, 1945, claimant was standing on a pile of posts, loading a highway truck when the post he was standing on rolled from under his feet causing him to fall to the ground striking his right shoulder with great force.

Although his shoulder was painful, Mr. Coolidge thought it would improve without treatment; by September 26, the pain had increased so he reported the injury to the Peoria office of the Division of Highways. He was advised to see a doctor immediately. Claimant consulted his family physician who advised heat and limited use; however, the shoulder responded poorly to the treatment, and on October 28, his family physician suggested examination by Dr. Hugh Cooper, who maintained offices in Peoria. On October 29, 1945, Dr. Cooper reported to the Division of Highways that claimant was suffering from "sub-deltoid bursitis" of the right shoulder. On January 5, 1946 Dr. Morton, the family physician, reported to the Division of Highways as follows: "Mr. Albert Coolidge is still under my care for his shoulder. His recovery is still indefinite." The claimant remained under the care of Dr. Morton who gave him hydrotherapy and massage treatments of the injured shoulder and discharged him from further treatment on March 30, 1946.

The respondent has paid the following bills incurred in this accident: Dr. Hugh Cooper, Peoria, $6.00; Dr. D. H. Morton, Elmwood, $8.00; St. Francis Hospital, Peoria, $34.50.

The record contains a copy of a letter dated February 14, 1947 signed by Dr. Hugh Cooper, Orthopedic Surgeon, Peoria, Illinois, which states that this physician

examined claimant on October 29, 1945 and at that time claimant had considerable limitation of rotation and abduction of the right shoulder joint. X-rays at that time were negative so far as any fracture or dislocation was concerned. He saw claimant a month later at which time he still had rather marked limitation of motion in the shoulder joint and in the opinion of this physician, was unable to work.

Commissioner East heard the testimony in support of this claim, observed the claimant, examined and manipulated the shoulder and reports that claimant has suffered a 40% functional loss of use of the right arm and we adopt his recommendation as a basis of our award.

Claimant's average weekly wage, based on his annual earnings for the year next preceding the injury, is $38.37. The compensation rate therefore is $18.00. If claimant had lost the complete use of his right arm, he would have been entitled to receive, under the Workmen's Compensation Act, as amended, the sum of $18.00 for 225 weeks. Having lost 40% of the functional use of this arm, claimant is entitled to 90 weeks at his compensation rate, making the sum of $1,620.00.

An award is therefore hereby entered in favor of Albert E. Coolidge in the sum of One Thousand Six Hundred Twenty ($1,620.00) Dollars representing 40% functional loss of use of his right arm as provided under Section 8(e) of the Workmen's Compensation Act, as amended. Of this amount, the sum of $1,476.00 has accrued, representing 82 weeks as of April 23, 1947 which is payable in a lump sum forthwith. The remainder of said award, amounting to the sum of $144.00, is payable to claimant at the rate of $18.00 per week beginning April 30, 1947 and continuing weekly thereafter at said

compensation rate until the last mentioned sum is fully paid.

This award is subject to the approval of the Governor as provided in Section 3 of, "An Act concerning the payment of compensation awards to State employees."